# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CARTER,<br><br>            Movant,<br>   vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent.<br>_____/ | CASE NO. 1:06-cr-00196-LJO<br><br>**ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND MOTION TO AMEND § 2255 MOTION** (Docs. 108, 112) |

## I. INTRODUCTION

Kenneth Carter ("Mr. Carter") is a prisoner in federal custody proceeding pro se. Now before the Court is his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence and his motion to supplement his pending § 2255 motion. He contends that his Fifth Amendment right to due process of law and his Sixth Amendment right to effective assistance of counsel were violated when counsel failed to object to the sentence imposed upon revocation of supervised release. In his motion to supplement he raises two additional claims. He argues that he received ineffective assistance of counsel when counsel failed to request a concurrent sentence. He also requests the Court to reduce his sentence based on his rehabilitative efforts while incarcerated. For the reasons discussed below, this Court GRANTS Mr. Carter's motion in part and DENIES it in part.

## II. BACKGROUND

**A. Conviction**

On June 1, 2006, Mr. Carter was indicted for being a felon in possession of a firearm and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1) and 2. (Doc. 1). He pled guilty to the indictment pursuant to a plea agreement. (Docs. 60, 61). On April 2, 2007, he was sentenced to 36-months imprisonment and 36-months of supervised release. (Doc. 67).

**B. Revocation of Supervised Release #1**

Mr. Carter's 36-month term of supervised release began on March 26, 2009. (Doc. 72). On October 22, 2009, Mr. Carter's probation officer filed a petition for warrant which alleged two supervised release violations:

    (1) possession of a controlled substance (marijuana) and

    (2) use of a controlled substance (marijuana).

(Doc. 72). Mr. Carter admitted to the violations. (Doc. 84). On January 19, 2010, the Court revoked Mr. Carter's supervised release and sentenced him to 9-months imprisonment followed by 25-months of supervised release. (Doc. 85, 88).

**C. Revocation of Supervised Release #2**

Mr. Carter's 25-month term of supervised release commenced on July 23, 2010. (Doc. 89). On February 11, 2011, Mr. Carter's probation officer filed a petition for warrant which alleged five supervised release violations:

    (1) Failure to participate in an in-patient treatment facility as directed by the probation officer;

    (2) Unlawful use of a controlled substance (methamphetamine);

    (3) Failure to participate in drug testing as directed;

    (4) Failure to participate in a drug treatment program; and

    (5) Failure to complete 20 hours of community service if not employed at least 30 hours per week.

(Doc. 89). On February 25, 2011, Mr. Carter's probation officer filed a superseding petition for warrant which alleged a sixth violation for being in possession of a firearm and ammunition. (Doc. 96, p. 4; Doc. 97). Mr. Carter admitted to all six charges. (Doc. 103). On September 30, 2011, the Court revoked Mr. Carter's term of supervised release and sentenced him to 27-months imprisonment. (Doc.

105). The judgment was entered on October 5, 2011. (Doc. 106).

Mr. Carter was indicted for being a felon in possession of a firearm and ammunition in connection with his sixth supervised release violation. (Case No. 1:11-cr-00074-LJO, Doc. 10). He pled guilty to being a felon in possession of ammunition. (Case No. 1:11-cr-00074-LJO, Doc. 19). At the revocation hearing, Mr. Carter was sentenced to 37-months imprisonment on the ammunition conviction to be served consecutively to the 27-month term imposed for the supervised release violation. (Case No. 1:11-cr-00074-LJO, Doc. 26).

**D. § 2255 Motion**

On August 16, 2012, Mr. Carter filed the instant § 2255 motion. (Doc. 108, p. 23). He contends that his Fifth Amendment right to due process of law and his Sixth Amendment right to effective assistance of counsel were violated when counsel failed to object to the 27-month sentence imposed upon revocation of his supervised release.[1] Mr. Carter further argues that if counsel would have objected at sentencing, there is a reasonable probability that he would have received a lower sentence. He requests an evidentiary hearing to further prove his claim. On November 5, 2012, the Court ordered the government to file an opposition to Mr. Carter's motion (Doc. 111), to which the government complied (Doc. 113).

On November 13, 2012, Mr. Carter filed a motion to supplement his pending § 2255 motion. (Doc. 112, p. 5). In his motion to supplement, he requests the Court to consider two additional claims. First, he argues that he received ineffective assistance of counsel when counsel failed to object when the district court ordered the sentence imposed upon revocation of supervised release to run consecutively to the sentence imposed for his felon in possession of ammunition conviction. He also requests the Court to reduce his sentence, pursuant to U.S.S.G. § 1B1.10, based on his rehabilitative efforts while incarcerated. The Court did not order the government to file an opposition to Mr. Carter's motion to supplement.

**III. DISCUSSION**

**A. § 2255 Motion**

---

[1] Because Mr. Carter only analyzes his ineffective assistance of counsel claim in his § 2255 motion and the claim is meritorious, the Court sees no need to address his due process contention.

3

Mr. Carter contends that his Sixth Amendment right to effective assistance of counsel was violated when counsel failed to object to the 27-month sentence imposed upon revocation of his supervised release. He asserts that the sentence exceeds the maximum term of imprisonment authorized by 18 U.S.C. § 3583, thus, counsel was deficient when he failed to object to the 27-month sentence. Mr. Carter further argues that if counsel would have objected at sentencing, there is a reasonable probability that he would have received a lower sentence. This Court agrees.

To demonstrate ineffective assistance of counsel, a petitioner must establish deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In order to establish deficient performance, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. This requires petitioner to "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88.

Counsel's representation fell below an objective standard of reasonableness when he failed to object to the 27-month sentence because the sentence exceeded the statutory maximum. 18 U.S.C. § 3583(e)(3) provides:

> The court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision . . . a defendant whose term is revoked . . . may not be required to serve on any such revocation more than . . . 2 years in prison if [the offense that resulted in the term of supervised release] is a class C or D felony . . .

Mr. Carter was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and aiding and abetting, in violation of 18 U.S.C. § 2. In addition, to a term of imprisonment he was also sentenced to 36-months of supervised release. The felon in possession of a firearm conviction carries a statutory maximum of 10 years imprisonment. 18 U.S.C. § 924(a)(2). Thus, it is a class C felony. *See* 18 U.S.C. § 3559(a)(3). Accordingly, upon revocation of supervised release the maximum term of imprisonment allowable under 18 U.S.C. § 3583(e)(3) was two years. Here, the Court revoked Mr. Carter's supervised release and imposed a 27-month sentence, which exceeds the statutory maximum by three months. Because the term of imprisonment on revocation exceeds the statutory maximum, counsel's representation fell below an objective standard of reasonableness when he failed

to object to the sentence.

The Court now turns to the issue of whether Mr. Carter has established prejudice. *Strickland*, 466 U.S. at 693. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Prejudice analysis must not only focus on outcome determination but also on the question of whether or not "the result of the proceeding was fundamentally unfair or unreliable." *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (*quoting Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)).

Mr. Carter has established "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694, because if counsel would have informed the Court that the sentence imposed exceeded the statutory maximum the Court would have adjusted the sentence accordingly. Thus, Mr. Carter's § 2255 motion is GRANTED in part.[2] This Court VACATES the 27-month sentence imposed on September 30, 2011. (Doc. 105). The judgment entered on October 5, 2011, is hereby amended to reflect a 24-month term of imprisonment to be served consecutively with the sentence imposed in case no. 1:11-cr-00074-LJO. Mr. Carter's request for an evidentiary hearing is DENIED as unnecessary.

**B. Motion to Supplement/Amend**

The Court construes Mr. Carter's "motion for permission to supplement his pending § 2255 motion with additional meritorious issues" as a motion for leave to amend.

An amendment to a § 2255 motion that the Court has not yet ruled on is governed by FED. R. CIV. P. 15(a). *See In re Morris*, 363 F.3d 891, 893 (9th Cir. 2004). Rule 15(a)(2) provides that leave should be freely given "when justice so requires." "A district court may, however, take into consideration such factors as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *In re Morris*, 363 F.3d at 894. Here, there is no evidence of bad faith. In addition, there is no prejudice because the issues set forth in the amendment can be resolved without input from the government. Finally, Mr. Carter has not

---

[2] The government agrees that Mr. Carter's sentence exceeds the statutory maximum and should be amended to 24-months imprisonment. (Doc. 113, p. 2).

5

previously amended his § 2255 motion. Thus, Mr. Carter's motion for leave to amend is GRANTED. The Court will consider the issues raised in Mr. Carter's November 13, 2012, filing. (Doc. 112).

**1. Ineffective Assistance of Counsel**

Mr. Carter contends that he received ineffective assistance of counsel when counsel failed to object when the Court ordered the sentence imposed upon revocation of supervised release to run consecutively to the sentence imposed for his felon in possession of ammunition conviction. Mr. Carter's contention is belied by the record. At the sentencing hearing, counsel requested the Court to impose concurrent sentences. (Doc. 107, p. 25). Defense counsel stated, "my argument is that [the sentences] run concurrent rather than consecutive . . ." (Doc. 107, p. 25:6-7). Accordingly, Mr. Carter has failed to show that counsel's performance was deficient. *See Strickland,* 466 U.S. 687-88 (in order to establish deficient performance, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness").

**2. Consideration of Rehabilitative Efforts**

Mr. Carter requests the Court to reduce his sentence, pursuant to U.S.S.G. § 1B1.10, based on his rehabilitative efforts while incarcerated. The Court DENIES Mr. Carter's request because he is ineligible for a § 1B1.10 reduction in sentence.

§ 1B1.10(a)(1) provides that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment . . ." Here, Mr. Carter received a reduced sentence because his sentence exceeded the statutory maximum, *see* supra. The reduction is not the result of an amendment to the Guidelines Manual. Accordingly, Mr. Carter is ineligible for a § 1B1.10 reduction.

**C. Certificate of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.

at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003). To meet this standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (alteration in original) (internal quotation marks and brackets omitted) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). In the absence of a COA, no appeal in a § 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds that the issues are not debatable among jurists of reason. *See Lambright*, 220 F.3d at 1024-25. Therefore, a COA is improper.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS Mr. Carter's § 2255 motion to vacate, set aside, or correct sentence in part;
2. VACATES the 27-month sentence imposed on September 30, 2011 and AMENDS the judgment entered on October 5, 2011, to reflect a 24-month term of imprisonment to be served consecutively with the sentence imposed in case no. 1:11-cr-00074-LJO;
3. DENIES Mr. Carter's request for an evidentiary hearing;
4. GRANTS Mr. Carter's motion for leave to amend (Doc. 112);
5. DENIES Mr. Carter's § 2255 motion on the grounds set forth in his motion for leave to amend; and
6. DENIES Mr. Carter's COA.
7. The Clerk is directed to close case no. 1:12-cv-01379-OWW.

IT IS SO ORDERED.

**Dated:   December 10, 2012**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE