# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CARTER, | CASE NO. 1:06-cr-00196-LJO |
| Movant, | **ORDER DENYING MOTION TO AMEND** (Doc. 117) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Kenneth Carter ("Mr. Carter") is a prisoner in federal custody proceeding pro se. On August 16, 2012, he filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Doc. 108). He then filed a motion to amend his § 2255 motion. (Doc. 112). On December 11, 2012, this Court granted in part and denied in part the claims set forth in Mr. Carter's § 2255 motion. (Doc. 115). With regard to the motion to amend, this Court granted the motion and denied the claims set forth within. (*Id*.). Now before the Court is Mr. Carter's second motion to amend his § 2255 motion which was received by the Court on February 14, 2013. (Doc. 117). Because the Court has already ruled on Mr. Carter's § 2255 motion, the instant motion to amend is DENIED as untimely.

Moreover, even if the Court had not yet ruled on Mr. Carter's § 2255 motion, justice does not require amendment in this case. *See* FED. R. CIV. P. 15(a)(2) (leave to amend should be freely given "when justice so requires"). When deciding whether to grant leave to amend a district court may "take into consideration such factors as bad faith, undue delay, prejudice to the opposing party, futility of the

amendment, and whether the party has previously amended his pleadings." *In re Morris*, 363 F.3d 891, 893 (9th Cir. 2004). Here, Mr. Carter seeks to amend his § 2255 motion in order to request a concurrent sentence and a lower sentence based on his rehabilitative efforts while incarcerated. Mr. Carter was aware of the facts of both of these claims when he filed his § 2255 motion thus, he has exercised undue delay. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (denying leave to amend where the petitioner knew the facts on which the amendment was based when drafting the original complaint). In addition, amendment would be futile because Mr. Carter does not provide a legal basis for lowering his sentence or imposing a concurrent sentence. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). Finally, Mr. Carter has already amended his § 2255 motion once.

For the reasons set forth above, Mr. Carter's second motion to amend his § 2255 motion is DENIED.

IT IS SO ORDERED.

**Dated:   February 19, 2013         /s/  Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE